# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO

---

URRIZA, PLAINTIFF AND RESPONDENT, *v.* VILLANÚA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 1, in an action for alimony.

MOTION for the dismissal of the appeal.

No. 654.—Decided January 13, 1914.

ALIMONY—APPEAL—DEPOSIT IN CASE OF APPEAL.—Although according to section 84 of the Law of Special Legal Proceedings of March 9, 1905, the provisions of the Unlawful Detainer Act are applicable to actions to recover alimony, nevertheless, as according to the express provision of the act the appeal does not stay the execution of the judgment in an action for alimony, it was evidently only the intention of the Legislature that an action for alimony should follow the Unlawful Detainer Act up to the time of the judgment, and that it is not necessary to make a deposit in order to take an appeal.

ID.—APPEAL.—TRANSCRIPT OF RECORD.—The time for filing the transcript of the record in an action for alimony is governed by the general provisions of the Code of Civil Procedure and the period of five days fixed in section 13 of the Unlawful Detainer Act of March 9, 1905, is not applicable to the filing of the transcript of the record.

The facts are stated in the opinion.
*Messrs. Alvarez Nava & Dominguez* and *Francisco de la Torre* for respondent.
*Messrs. José de Diego* and *Luis Méndez Vaz* for appellants.
MR. JUSTICE WOLF delivered the opinion of the court.
This is a motion to dismiss an appeal on two grounds.

1

The action below was one to obtain $50 a month as alimony. The judgment being rendered against Villanúa for such sum, this defendant appealed in due time. The appellee alleges, however, that he failed to make a deposit as required by the law, and furthermore, that the transcript of the record was not presented in due time to this court.

The law requires that the proceedings in an action for alimony shall follow the Law of Unlawful Detainer, and as that law requires a deposit on appeal the appellee maintains that such deposit should be made in an alimony case. In unlawful detainer cases the appeal has the effect of suspending the execution, but that is not the fact in alimony cases or in other special proceedings which are governed by section 84 of the Law of Special Proceedings. This is the same section which provides that alimony proceedings shall follow unlawful detainer proceedings, distinctly providing that the execution of the judgment should not be suspended by the appeal. Hence the Legislature evidently only intended that an alimony proceeding should follow the Unlawful Detainer Law up to the time of judgment. See *Rodríguez* v. *Gómez,* 16 P. R. R., 808.

However, the appellant filed a certificate showing that execution had been issued and $150 obtained thereon, the amount of the alimony due up to the time of execution. We fail to see why any deposit should be required of an appellant in alimony cases.

The motion in regard to the first alleged ground of dismissal is most inadequate as it merely says that the order has not been complied with, which might easily be a conclusion of law; and furthermore, the motion does not specify that anything is due.

With regard to the second part of the motion, the time for presenting the transcript is regulated by the Code of Civil Procedure under the terms of the law of special procedure. There has been an extension of time by the judge, acting within his powers, and there is no ground for sustaining the motion of the appellee. Apparently appellee relied on sec-

tion 13 of the Unlawful Detainer Law, which provides that the secretaries and stenographers shall perform such duties as may be imposed upon them by law within a period of five days from the time of the filing of the notice of appeal. This section evidently has no reference to the case.

The motion must be overruled.

*Motion overruled.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.